IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALTON L. BOWEN,
    Plaintiff,

    v.

IRIS CASTEREDA,
DESMOND COLLIN,
DIONI D. COUSSO,
    Defendants.

CIVIL ACTION NO.
1:05-CV-2879-JEC

PRISONER CIVIL RIGHTS
42 U.S.C. § 1983

### ORDER

Plaintiff, an inmate at the Fulton County Jail in Atlanta, Georgia, has filed the instant action without paying the filing fee. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby granted, and the matter is now before this Court for a 28 U.S.C. § 1915A frivolity screening.

### 28 U.S.C. § 1915A Frivolity Screening

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.), *cert. denied*, 510 U.S. 893, 114 S. Ct. 254,

126 L. Ed. 2d 206 (1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).

To sustain his cause of action under 42 U.S.C. § 1983, Plaintiff must establish two elements: (1) that he suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of law. Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).

### Plaintiff's Claims

According to Plaintiff, he was arrested for aggravated stalking, terroristic threats and aggravated assault. Plaintiff contends that, after asking his friend Iris to return his ring, he, Iris, and Iris' boyfriend, Desmond, got into an argument. Plaintiff states that, after Desmond threatened to "kick [Plaintiff's] ass," Plaintiff "went and found me a steel pole and told [Desmond] that I will knock he's mutha fucking head off if he put his hand on me." [Generally, sic].

Plaintiff acknowledges that there was "paperwork" mandating that he and Iris remain more that thirty feet away from each other, but he asserts that "the paper was set aside and we became friends again afterwards."

Plaintiff has named Iris, Desmond and an individual named Dioni Cousso as Defendants. It is unclear who Dioni Cousso is, as he/she is not mentioned in the body of the complaint. In the complaint, Plaintiff references actions taken by Fulton County Sheriff's Deputies who "always comes to me to try and arrests me," but he does not identify any of the individual deputies. He also states that he wants to sue the Atlanta Police, the "Sheriff taskforce," the Fulton County Police, and the "Fulton Courts Superior," but he has not related any actions taken by officials from those entities other than to aver that his son has been harassed and wrongfully arrested by officials from some or all of them.

## Discussion

After a review of the complaint, this Court now finds that Plaintiff has failed to state a claim for § 1983 relief. With respect to the named Defendants, Plaintiff has failed to allege state action. See Fullman v. Graddick, 739 F.2d 553, 561 (11th Cir. 1984) (to successfully state a § 1983 claim, the plaintiff must allege that the conduct complained of was committed by a person

acting under color of state law). Plaintiff has failed to establish that Iris, Desmond or Dioni Cousso are government agents or employees, and Plaintiff has made no showing that they acted under color of state law. Accordingly, Plaintiff has no § 1983 claim against the named Defendants.

As to his claims regarding the various other official entities and/or individuals that he mentions in his complaint, Plaintiff has failed to provide specific allegations as to what they did that might have violated his constitutional rights.

To the degree that Plaintiff claims that his current incarceration violates his constitutional rights, the Supreme Court has held that a plaintiff making such a claim must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or § 2241 before he can recover for an alleged unconstitutional conviction or imprisonment. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The instant complaint fails to show that the Plaintiff's current incarceration has been so reversed or invalidated. Thus, this claim is subject to dismissal as a § 1983 action.

AO 72A
(Rev.8/82)

This Court further finds that the complaint also does not contain sufficient allegations to survive as a petition for a writ of habeas corpus brought pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Accordingly, this action is subject to dismissal.

### Conclusion

For the foregoing reasons, this Court now finds that Plaintiff has failed to state a claim for § 1983 relief.

**IT IS THEREFORE ORDERED** that the instant action be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this _30_ day of _November_, 2005.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

5